ALDERMAN, Justice,
dissenting.
I respectfully dissent from the majority decision which directs that Groot be admitted to the practice of law. In my opinion, the Court has substituted its judgment on disputed factual issues for that of the finder of fact, the Florida Board of Bar Examiners.
After evaluating and weighing the testimony based upon its personal observation of the demeanor and credibility of the witnesses, the Florida Board of Bar Examiners found that the chronology of events leading up to the filing of Groot’s petition for bankruptcy creates serious doubt as to his motives for seeking a discharge of his debts in bankruptcy; that he knowingly engaged in a course of conduct which contributed to his inability to satisfy his debts in a timely and responsible manner; that during the period from June 1976 when he graduated from *169 law school to August 1977 when he filed his petition for bankruptcy, he exhibited substantial disregard for his obligation to repay debts incurred by him when his income was sufficient to enable him to repay such debts; and that his filing of his petition for bankruptcy within one week of his acceptance of a position in Florida at a salary of $18,000 per year creates an inference that he was solely motivated by his own self gain. The Board also found that he testified falsely under oath at the informal hearing before it on November 11, 1977. The Board in conclusion found that the evidence before it established clearly and unequivocally that Groot fails to meet the standards of conduct and fitness required by Article IV, Section 19 of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar.
There is evidence in the record that supports the findings of fact of the Board of Bar Examiners, and I believe these findings of fact should be accorded the same presumption of correctness as are accorded findings of other triers of fact such as the referee in disciplinary proceedings. Cf. Rule 11.06(9)(a), Integration Rule of The Florida Bar. The Florida Board of Bar Examiners is charged with the responsibility of determining the character and fitness of applicants to The Florida Bar. Article II, Section 12, Rules of the Supreme Court Relating to Admissions to the Bar provides in pertinent part:
“Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness and general qualifications of every applicant. In every such investigation and inquiry the Board may obtain such information as bears upon the character, fitness, and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel, by subpoena, the attendance of witnesses and the production of books, papers and documents. . . ”
Article IV, Section 19, provides:
“No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless he first produces satisfactory evidence to the Board that he is of good moral character, that he has an adequate knowledge of the standards and ideals of the profession and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.”
The Board has been appointed the fact-finder to determine whether an applicant to the Bar possesses the requisite educational, character, and fitness requirements.
The evidence in this case is subject to two interpretations. One of these interpretations clearly supports the findings of the Board. Although, had we been the fact-finder in this case, we may have reached a different result upon evaluation of the evidence, we should not now, after reviewing the cold record, substitute our judgment for that of the Board as long as there is evidence in the record to support the Board’s findings. Accordingly, I would deny Groot’s petition for admission at this time without prejudice to his seeking admission at a later date as provided by Article IV, Section 20(c), Rules of the Supreme Court Relating to Admissions to the Bar.